# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**PAVLINA K. MINKOVA,**

    **Plaintiff,**

**v.**                                      **Case No.:**

**ANTHONY & PARTNERS, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Pavlina K. Minkova ("Plaintiff"), by and through undersigned counsel, herby sues Anthony & Partners, LLC ("Defendant") and in support of states as follows:

## NATURE OF ACTION

1. This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.* ("ADAAA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADAAA.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

4. Plaintiff is a resident of Pasco County, Florida.

5. Plaintiff worked for Defendant in Hillsborough County, Florida.

6. Defendant is a Florida Limited Liability Company.

7. At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Plaintiff were agents, servants, and employees of Defendant and were at all times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

8. Plaintiff is considered an "employee" within the meaning of the ADAAA.

9. Defendant is considered an "employer" within the meaning of the ADAAA.

10. Plaintiff is "disabled" as defined by the ADAAA.

11. Defendant knew of Plaintiff's disability during her employment.

12. Plaintiff was a "qualified individual" as defined by the ADAAA during her employment with Defendant.

## PROEDURAL REQUIREMENTS

13. Plaintiff timely dual-filed a charge of discrimination against Defendant with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

14. The EEOC issued a "Dismissal and Notice of Rights" letter on or about December 15, 2021 authorizing an action to be commenced within ninety (90) days of receipt of that letter.

15. This complaint was filed within ninety (90) days of receipt of the "Dismissal and Notice of Rights" letter.

## STATEMENT OF FACTS

16. Plaintiff began her employment with the Defendant on or about April 22, 2019 as a paralegal.

17. Plaintiff was diagnosed with chronic migraine headaches a few years prior to beginning employment with Defendant.

18. Plaintiff's chronic migraine headaches cause fatigue, heart palpitations, shortness of breath, anxiety, nausea, ear ringing, lightheadedness, dizziness, blurred vision, a sensitivity to light and smell, and cervicalgia that substantially limit Plaintiff's ability to walk, drive, speak, sleep, write, comprehend, remember, and work.

19. In or around September 2019, Plaintiff began to experience an increase in the severity and frequency of the chronic migraine headaches.

20. In or around September 2019, Plaintiff informed Terri Johnson ("Ms. Johnson"), Defendant's administrator, that Plaintiff suffered from chronic migraine headaches and would occasionally require leave as an accommodation.

21. Over the next several months Plaintiff exercised leave to care for her disability.

22. Ms. Johnson requested a doctor's note and Plaintiff provided Defendant with a note from her doctor stating that the chronic migraine headaches required leave from work.

23. In or around January 2020, Ms. Johnson informed Plaintiff that she was taking too many days off.

24. On or about February 17, 2020, Plaintiff was terminated by Ms. Johnson after taking a day off from work.

25. Plaintiff has satisfied all conditions precedent, or they have been waived.

26. Plaintiff has retained the undersigned the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Discrimination and Failure to Accommodate under the ADAAA

27. All allegations prior to Count I are reallaged and incorporated herein.

28. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADAAA in that Plaintiff was and is

capable of performing all essential functions of her employment position with or without a reasonable accommodation.

29. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

30. Plaintiff requested leave as an accommodation due to her own disability.

31. Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request to accommodate her disability, failed to establish that the requested accommodation was an undue hardship, and failed to reasonably accommodate Plaintiff's disability.

32. Defendant terminated Plaintiff because of her disability.

33. Defendant's discharge of Plaintiff because of her disability constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of her employment.

34. As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

(a) That process issue and that this Court take jurisdiction over the case;

(b)     Judgement against Defendant in the amount of Plaintiff's back wages and back benefits, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, punitive damages, and prejudgment interest thereon;

(c)     All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d)     For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this 9th day of February, 2022 by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Trial Counsel for Plaintiff*
